■ LYNN KUTNER et al., Respondents, v CITY OF NEW YORK et al., Defendants, and LAQUILLA CONSTRUCTION, INC., Appellant. [795 NYS2d 48]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered December 15, 2004, which, in an action for personal injuries, denied defendant-appellant construction company's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Plaintiff alleges that her fall was caused by a hole in a pedestrian walkway beneath the FDR overpass at 23rd Street. Appellant was hired by the State Department of Transportation to reconstruct the FDR overpass between 15th and 23rd Streets. Its project manager admitted at deposition that such work also involved work on the road beneath the overpass that might have affected the walkways, namely, the installation of "drainage structures" such as sewers, catch basins and gratings, and the movement of temporary concrete barriers, primarily to divert pedestrian traffic, in accordance with the State's "plans and specs." The project manager also testified that without such plans and specs, she could not say whether appellant moved any barriers in the vicinity of plaintiff's fall, as depicted in a photograph. Nevertheless, appellant moved for summary judgment on the basis of the project manager's testimony that appellant had finished its work nine months before plaintiff's accident and did no drainage work in the area depicted in the photograph. Rather, according to project manager, the drainage

structures that appellant installed were "north and south" of the area depicted. Just how far north and south was not elaborated upon in the project manager's affidavit that appellant submitted in support of its motion for summary judgment. Nor did appellant's motion adduce any documentary evidence, such as contracts, plans, specifications, work orders or logs, showing exactly where drainage work was performed; or address evidence showing that appellant was the last contractor to perform heavy construction work in the area where plaintiff fell before such fall; or address the project manager's inability to say whether appellant had moved any concrete barriers in the area where plaintiff fell. We find that appellant failed to satisfy its initial burden of showing that it did not create the alleged hazardous hole (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

We have considered appellant's other arguments and find them unavailing. Concur—Saxe, J.P., Marlow, Sullivan, Williams and Gonzalez, JJ.